62888, 62889. ALLUMS v. THE STATE (two cases).

SOGNIER, Judge.

Appellants were convicted in a joint trial of possession of cocaine with intent to distribute such cocaine, and possession of less than one ounce of marijuana.

The evidence disclosed that James Anderson, a UPS employee in Florida, opened an envelope addressed to Mike Allums during the course of a spot check being conducted in the Fort Lauderdale UPS office; Anderson's manager was present when the envelope was opened. Anderson found a plastic bag inside the envelope which contained a white powdery substance. Suspecting that the substance might be a prohibited drug, the envelope was taken by Anderson and the manager to the Hollywood office and the Drug Enforcement Agency (DEA) was notified. A DEA agent then came to the UPS office; the plastic bag was removed from the envelope and opened; and the agent ran a field test indicating the substance was cocaine. After the field test Anderson placed the plastic bag and powder back in the envelope addressed to Mike Allums, and the Georgia Bureau of Investigation (GBI) was notified. Pursuant to the GBI's request, the envelope was sealed, placed in a carton addressed to UPS loss prevention, Atlanta, Georgia, attention of George Clardy, and sent through UPS channels to Atlanta. It was received by Clardy, who contacted a GBI agent, Davis. Pursuant to Davis' instructions, Clardy opened the UPS carton, removed the envelope addressed to Mike Allums unopened, and delivered it to the address shown in Carrollton. Sam Allums answered the door and signed for the envelope addressed to his brother, Mike, whose leg was in a cast; Mike

was sitting at a dining room table. After the envelope was delivered, Davis immediately obtained a search warrant and returned to the same house about 30 minutes later with Agent Hayes. Hayes knocked on the door and when the agents heard a commotion inside, they kicked the door open. The house was searched and a plastic bag containing suspected cocaine was found in a dresser drawer in a bedroom occupied by Sam Allums. Agents also found in the same dresser a small vial containing a white powder, a clear plastic "chop block" used to cut cocaine into a fine powder, and a razor blade, a straw and a "line" of powder on top of the chop block. The envelope addressed to Mike Allums was opened and on top of the dresser; a two-gram scale was also found in the same bedroom. Davis found a small amount of marijuana in a candy jar on a counter between the dining room and kitchen and placed Mike Allums and a friend who was present under arrest. Davis then advised them of their Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)).

When the cocaine was found it was brought into the dining room; when Mike saw it he said: "Damn, man, you've got my birthday present. Somebody sent me that for my birthday. Yeah, my birthday was Friday [4 days previously] and they sent me that."

Sam Allums changed clothes and went jogging about five minutes after signing for the envelope addressed to his brother. He denied opening the envelope and when asked by Mike what it was, Sam said he didn't know. He acknowledged that he used the bedroom where the cocaine was found, but said he did not use the dresser, as it contained Mike's clothing. Mike denied any knowledge of the cocaine and testified he did not leave the dining room table from the time the envelope was delivered until the agents broke into the house.

1. Prior to trial both appellants filed motions to sever on the ground that their defenses were inconsistent (antagonistic). The trial court denied the motions and appellants, relying on Cain v. State, 235 Ga. 128, 129 (218 SE2d 856) (1975), contend such denial was error. While Cain sets forth certain matters which should be considered on a motion to sever, including whether the defenses are antagonistic, Cain also held: "The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of harm is necessary." We find no such showing in the instant case. Further, "[the] burden was on the appellant[s] to do more than raise the possibility that a separate trial would give [them] a better chance of acquittal. [Cit.]" Kates v. State, 152 Ga. App. 29, 34 (7) (262 SE2d 221) (1979). As the transcript does not show that appellants met this burden, the enumeration is without merit. Id.

2. Both appellants contend the trial court erred by denying their motions for a directed verdict of acquittal. Code § 27-1802

(a) provides, in pertinent part: "Where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense included in the indictment, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence . . ." It is readily apparent that the evidence did not demand a verdict of acquittal or not guilty. Further, there were several conflicts in the evidence as to who used the room where the cocaine was found and what was said to the GBI agents. Under such circumstances it was not error to deny the motions for directed verdicts of acquittal under the criteria set forth in § 27-1802 (a), as verdicts of acquittal were not demanded as a matter of law. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

Appellant Sam Allums argues, however, that the state failed to contradict evidence of entrapment introduced by him. We find no evidence of entrapment raised by this appellant in his testimony. His testimony, in substance, denied knowledge of the contents of the envelope or any other items found in the bedroom he occupied; denied knowledge of the marijuana found in the candy jar; and contained a denial that he opened the envelope. Even assuming, without deciding, that Sam Allum's testimony presented un-contradicted evidence of entrapment, our Supreme Court has held: "Lack of conflict in the evidence is only one of the criteria in Code Ann. § 27-1802. Thus a defendant's testimony as to entrapment, *even if unrebutted by any other witness to the alleged misconduct,* will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred." (Emphasis supplied.) *State v. Royal,* 247 Ga. 309, 310 (275 SE2d 646) (1981). As the evidence did not demand a finding that entrapment occurred, the trial court did not err in denying appellants' motions.

3. Appellant Sam Allums contends that the trial court erred by failing to charge the jury on the "equal access" rule in connection with Count I (possession of cocaine with intent to distribute cocaine). The "equal access" rule provides that merely finding contraband on premises occupied by a defendant will not support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Gee v. State,* 121 Ga. App. 41, 42-43 (1) (172 SE2d 480) (1970). In the instant case Sam Allums, Mike Allums and Gerry Tyson were charged with joint possession of the cocaine and marijuana. As related previously, approximately 30 minutes after the envelope containing cocaine was

delivered to Sam Allums, GBI agents returned to the house and conducted a search. During Officer Davis' absence to obtain the search warrant the house was under surveillance by police authorities, and with the exception of Sam Allums' departure to go jogging and his return after the search was in progress, no one entered or departed the house. Thus, during Sam's absence the only persons in the house were Mike Allums and Gerry Tyson (who was acquitted), co-defendants in the case. Both Mike and Gerry testified that they did not leave the dining room table while they were alone in the house, so no person other than the three defendants had access to the cocaine from the time it was delivered until the time it was found.

Sam Allums contends that because Mike Allums and Gerry Tyson had equal access to the cocaine the trial court erred by denying his request to charge on the "equal access" rule. We have found no case in Georgia relating to the equal access rule as applied to two or more defendants charged with joint possession of contraband. However, there are cases involving application of the rule which indicate that the rule applies when persons "other than the defendant *and members of his immediate household*" had equal opportunity to commit the crime. (Emphasis supplied.) *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687) (1959); *Ivey v. State,* 226 Ga. 821, 824 (177 SE2d 702) (1970). Further, in *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976), we stated that where evidence could be construed to indicate that the defendant and a male co-tenant and co-occupant of her apartment were not married, the presumption that the contraband was possessed by the "head of the household" could be applied equally to the defendant and her male companion, both of whom apparently had non-exclusive and joint possession of most of the contraband. In the instant case both Mike and Sam Allums were residing at the house in question. When asked by the GBI agent who occupied the bedroom where the cocaine and other drug paraphernalia was found, both Mike and Sam responded "I do." Sam later testified that he slept in the bedroom, but that Mike used it to dress in and kept his clothes in the dresser where the cocaine was found. Applying our holding in *Kenerleber,* supra, to Mike Allums, the equal access rule is not properly invoked with regard to Mike, a co-occupant of the house charged with joint possession of the cocaine.

In regard to Gerry Tyson, he was also charged with joint possession of the cocaine. Since Tyson was a co-defendant, logic would dictate that he is not a person "other than the defendant" who had equal access to the cocaine. Even assuming that the equal access rule could apply to co-defendants charged with joint possession of contraband, it is not applicable to Gerry Tyson under the facts of this

case. Sam Allums testified that he took the envelope containing cocaine to the bedroom he occupied and placed it on the dresser. The cocaine and other drug related items were found in two different drawers in the same dresser. Since this contraband was not in an open, notorious and equally accessible area, the equal access rule would not be applicable. *Allen v. State,* 158 Ga. App. 691 (282 SE2d 126) (1981). See also *Kenerleber,* supra.

Finally, Gerry Tyson was a person who was merely visiting the residence at the time, and there is no indication that he was a frequent visitor or had been to the house previously. In short, the evidence indicated that Tyson was no more than a casual visitor who happened to be present when the incidents leading up to this case occurred. Thus, under the rule set forth in *Kenerleber,* supra, the equal access rule would not be invoked properly as to Tyson. Therefore, the trial court did not err in denying Sam Allums' request to charge the "equal access" rule as to the cocaine charge.

### *Charles M. Allums*

4. Mike Allums contends it was error to admit the cocaine in evidence as a sufficient chain of custody was not established to show that the cocaine found in Florida was the same cocaine received by UPS in Atlanta. The evidence outlined at the beginning of this opinion shows that the envelope containing cocaine went from Anderson in Florida to Clardy in Atlanta; the same envelope was then delivered to Carrollton and received by Sam Allums. This evidence clearly established the chain of custody. "[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975); *Johnson v. State,* 143 Ga. App. 169-170 (1) (237 SE2d 681) (1977). Accordingly, it was not error to admit the cocaine in evidence.

5. Mike Allums next contends it was error to allow testimony as to statements he made concerning the cocaine, as they were involuntary. The testimony established that some time after appellant was placed under arrest and had been advised of his rights, an agent found cocaine in the bedroom. Davis was called to the bedroom and was given a plastic bag containing white powder. He then returned to the dining room with the plastic bag and when appellant saw the bag, he made the statement that "you [Davis] got my birthday present." Davis had said nothing and had asked no questions of appellant, and appellant's statement was completely spontaneous. Therefore, it was admissible. *Jacobs v. State,* 137 Ga. App. 592, 593 (224 SE2d 462) (1976).

6. Appellant contends the evidence introduced at trial was based on an illegal search and seizure, as UPS personnel in Florida illegally opened his package. Therefore, argues appellant, his motion to suppress such evidence was denied erroneously. However, UPS is a private corporation and we have held previously that "[t]he Fourth Amendment is intended as a restriction on the activities of the government and its agents, and is not addressed to actions, illegal or legal, of private persons." *Tootle v. State,* 135 Ga. App. 840, 841 (2) (219 SE2d 492) (1975); *Lester v. State,* 145 Ga. App. 847, 848 (2) (244 SE2d 880) (1978).

7. We have examined the entire record and transcript and find the evidence more than sufficient to support the verdict under the standards set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The remaining enumerations of error are without merit.

*Judgments affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 12, 1982 —
REHEARING DENIED MARCH 30, 1982.

*Steve Fanning,* for appellant (case no. 62888).
*E. Gordon Staples, Jr.,* for appellant (case no. 62889).
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.

