### 65624. EVANS et al. v. THE STATE.

SOGNIER, Judge.

Appellants were convicted of violating the Georgia Controlled Substances Act by trafficking in marijuana. On appeal they contend (1) that the evidence is insufficient as a matter of law to support the verdict; (2) that the trial court erred by denying appellants' motion for a mistrial after the state presented evidence that appellants exercised their right to remain silent; and (3) by denying their motion in limine and allowing evidence which placed appellants' character in evidence.

Appellants flew into the Jekyll Island, Georgia airport on the afternoon of January 2, 1981. The following morning Gregory Kirkland, a U.S. Customs agent was at the airport and observed Evans' airplane. Kirkland checked the plane with his sector headquarters in Miami, Florida and found that the aircraft was on "lookout" by the El Paso Intelligence Center (EPIC). He then checked with EPIC and learned that Evans' plane was allegedly going to Jamaica. Kirkland then observed a fuel truck drive to the airplane and saw Evans refueling the plane; Kirkland approached and in response to his questions, Evans acknowledged that he was the owner and pilot of the plane. Kirkland identified himself as a U.S. Customs agent and after obtaining identification from Evans and the other two appellants in the terminal, asked Evans if he (Kirkland) could look inside the airplane. Evans said "Sure" and upon entering the plane Kirkland found several suitcases containing a total of 219 pounds of marijuana.

Appellants testified that they picked up the airplane from Dunellon, Florida the afternoon of January 2, 1981 after it was flown there from Puerto Rico by a friend of Evans. They testified that when the airplane was picked up in Dunellon the suitcases containing marijuana were not on board, and were not on board when they landed at Jekyll Island and left the plane parked overnight.

1. Appellants argue that the evidence is not sufficient as a matter of law to support their convictions because the state failed to establish that appellants had actual possession of the marijuana, or that they brought the marijuana into Georgia, as required by Code

Ann. § 79A-811 (1) (3) (now OCGA § 16-13-31 (c)). That section provided, in pertinent part: "Any person who knowingly . . . brings into this State, or who is knowingly in actual possession of, in excess of 100 pounds of marijuana shall be guilty of the felony of 'Trafficking in Marijuana.' "

Appellants argue that at the most only constructive possession was shown, as no witness saw appellants in actual possession of the marijuana, and no substance was found *on the person* of any appellant. This argument is without merit, for we have held that a person who knowingly has direct physical control over a thing at a given time is in actual possession of it. *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872) (1972). Appellants all testified that they flew together in Evans' airplane from Florida to Jekyll Island. Although appellants testified they knew nothing about the marijuana their credibility was a question for the jury. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). Further, Evans had the keys to the locked airplane, as well as having keys to some of the locked suitcases. Such evidence is sufficient to support an inference that Evans had direct physical control over the marijuana at some given time. A defense witness testified that he flew the airplane from Puerto Rico to Dunellon on January 2, 1981 and that no marijuana or suitcases were on board when he turned the plane over to appellants. Since it was not shown that anyone other than appellants was on the airplane from the time it left Dunellon until it was boarded the next day by Kirkland, the jury could infer that one or more of the appellants placed the suitcases on board, thus giving them direct physical control over the marijuana at a given time. It is well settled that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one or more of the conspirators is in legal contemplation the act of all. *Handley v. State,* 115 Ga. 584 (41 SE 992) (1902); *Clarke v. State,* 221 Ga. 206, 212 (144 SE2d 90) (1965); *Smith v. State,* 230 Ga. 876 (199 SE2d 793) (1973).

Although appellants argue that actual possession of the marijuana was not shown, we do not believe the legislature intended the phrase "actual possession" in § 79A-811 (1) (3) to mean that a person would be holding it in his hand or have it physically on his person, because the punishment for trafficking in marijuana is divided into three categories of 100 to less than 2,000 pounds; 2,000 to less than 10,000 pounds; and more than 10,000 pounds. We do not believe the legislature intended that a person must have such large amounts of marijuana "on his person" in order to constitute actual possession, as contended by appellants; to do so would be a physical impossibility in most instances.

In regard to bringing the marijuana into the state of Georgia,

appellant Robertson testified that he went to Jamaica in the aircraft in question around December 20, 1980 and flew in the same aircraft from Jamaica to Puerto Rico on January 1, 1981. The aircraft flew from Puerto Rico to Dunellon, and thence to Jekyll Island, on January 2, 1981. When the marijuana was found in the aircraft the following day one package of marijuana was wrapped in a newspaper from Jamaica dated December 30, 1980, when Robertson was still in Jamaica. Such evidence would support an inference that the marijuana came from Jamaica and that Robertson had knowledge of it.

Finally, appellants argue that since they testified the marijuana was not on the plane when they left it parked on Jekyll Island at 4:30 p.m. on January 2nd, the only reasonable hypothesis is that someone entered the plane during the night and placed the marijuana on board without appellants' knowledge. The fallacy of this argument is that no evidence was presented that anyone was on or around the airplane during appellants' absence; Kirkland testified that the airplane was locked at the time he received permission to enter the airplane, and Evans had the only keys to the airplane in his briefcase. Evans also had the only keys to some of the locked suitcases. Thus, appellants' argument that the evidence leaves only one reasonable hypothesis, namely, that someone other than appellants placed the marijuana on board during the night of January 2, 1981, amounts to no more than mere speculation which would absolve them of guilt. There is no support for such a hypothesis in the evidence presented to the jury. Although the evidence as to how the marijuana got on the plane is circumstantial, as is the evidence as to whether it was brought into the state, we find the evidence sufficient to support the verdicts as a matter of law under either theory set forth in the statute. We also find that a rational trier of fact could find from the evidence adduced at trial proof of appellants' guilt beyond reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellants next contend it was error to deny their motion for a mistrial after the prosecuting attorney introduced evidence which amounted to a comment on appellants' constitutional right to remain silent.

Agent Kirkland testified that he advised appellants of their Miranda rights (Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694)) after they were placed under arrest, and they stated that they understood their rights. Kirkland then asked appellants if they wished to waive their rights, and appellants responded in the negative. Appellants' motion for a mistrial based on such testimony was denied, and they contend that ruling was error. We do not agree.

There was only one reference to appellants' silence, and that

reference was in Kirkland's testimony which was not in response to the prosecutor's question. The prosecutor never again mentioned Kirkland's comment and did not comment on appellants' silence, either in cross-examination or for impeachment purposes. Thus, there was no focus on appellants' silence sufficient to constitute prejudicial error. *Alderman v. State,* 241 Ga. 496, 508 (4) (246 SE2d 642) (1978).

3. Lastly, appellants contend it was error to deny their motion in limine to preclude Kirkland from testifying about a "drug profile," anonymous tips, hearsay information from a computer as to the aircraft in question being outside the United States prior to January 3, 1981, and other information indicating appellants' violation of federal law or regulations, thus placing their character in evidence.

Kirkland testified that because the aircraft was parked a substantial distance away from the terminal building, was not tied down or "chocked," and was faced in an unusual direction, his suspicions were aroused because those factors fit a "profile" of aircraft used for smuggling drugs. He also testified that he then called his sector headquarters and received information that the aircraft was on "lookout" by the El Paso Intelligence Center. He then contacted EPIC, who told Kirkland it had received an anonymous telephone tip that the aircraft was going to Jamaica. Finally, Kirkland testified that there was no record of the aircraft coming back into the United States (from a foreign country). The trial judge denied appellants' motion in limine to exclude such testimony, and allowed the testimony on the basis that it explained the conduct of Kirkland in asking appellants for identification, and in requesting permission to look in the airplane. The trial court also instructed the jury that such information was allowed for the sole purpose of explaining Kirkland's conduct, and could not be considered in any way for the truth of the information received. We find no error in the court's rulings.

OCGA § 24-3-2 (Code Ann. § 38-302) provides: "When, in a legal investigation, information, conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." In applying this rule we have held: "The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness, that acting on such information, he discovered other facts connecting the accused with the crime in question." *Burrell v. State,* 140 Ga. App. 900, 902 (3) (232 SE2d 172) (1977). It is clear that the testimony of Kirkland was admitted solely for the purpose of explaining his conduct and actions.

Contrary to appellants' contention, *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), did not change the rule set forth in § 24-3-2 (Code Ann. § 38-302), supra, and *Burrell*, supra. Rather, *Momon* limited application of the rule to those cases in which the conduct and motives of the actor are relevant to the issues on trial. No one could argue reasonably that Kirkland's conduct and motives in the instant case were not relevant to the issues on trial. Accordingly, it was not error to deny appellants' motion in limine, to allow Kirkland's testimony explaining his conduct and limit use of the testimony to explaining his conduct. Evidence material to a case is not inadmissible because it incidentally puts a defendant's character in issue. *Hughes v. State*, 239 Ga. 393, 396-397 (2) (236 SE2d 829) (1977).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 11, 1983.

*Grayson P. Lane,* for appellants.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.