68020. PARKER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of being an habitual violator and driving with ability impaired by alcohol. On appeal he contends the trial court erred by denying his motion for a directed verdict of acquittal and by denying his motion to suppress evidence relating to the alcohol content in his blood.

Appellant backed his car into another car, and the police cited him for improper backing. When the police officers present smelled alcohol on appellant, he was transported to the police station and given a breath test, which showed a .13 blood alcohol content. At appellant's request, he was taken to a local hospital for a blood alcohol test; that test disclosed a .21 blood alcohol content.

1. Appellant contends the trial court erred by denying his motion to suppress evidence of the blood alcohol count and by denying his motion for a directed verdict of acquittal, because the state did not establish a proper chain of custody of the blood sample taken at the hospital. In this regard, a police officer observed the blood drawn and sealed in two tubes, and took the sample to the police station, sealed it with evidence tape and placed the sealed container(s) in a refrigerator and locked the refrigerator. It was sent to the crime lab by certified mail and when received, the seals on each of the three containers used were intact and there was no evidence of tampering.

The burden the state must carry to gain admission of evidence relating to the blood sample is to show with reasonable certainty that the blood tested was the same as that drawn from appellant at the hospital and that there had been no tampering or substitution. *Johnson v. State,* 143 Ga. App. 169-170 (1) (237 SE2d 681) (1977). Where there is only bare speculation of tampering, it is proper to admit such evidence and let what doubt remains go to its weight. *Johnson,* supra; *Allums v. State,* 161 Ga. App. 842, 846 (4) (288 SE2d 783) (1982). Thus, it was not error to deny the motion to suppress for lack of a proper chain of custody.

Appellant's motion for a directed verdict of acquittal was based on the lack of a proper chain of custody of the blood sample and we have decided that issue adversely to appellant.

Appellant admitted that he was driving his car, and the blood alcohol test showed a blood alcohol content of .21. When the weight of alcohol in a person's blood is .10 or more, it shall be presumed that the person was under the influence of alcohol. OCGA § 40-6-392 (b) (3). Both police officers testified that in their opinion, appellant's ability to drive an automobile was impaired. We find this evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, it was not error to deny appellant's motion for a directed verdict.

2. Appellant contends it was error to deny his motion to suppress evidence relating to his chemical tests for alcohol content because the police officers failed to give the implied consent warning required by OCGA § 40-6-392 (a) (4). The only evidence on this issue presented at the suppression hearing was from two police officers who testified that after appellant was arrested for improper backing he was placed in the rear seat of one of the patrol cars and the implied consent warning was read to appellant. The implied consent warning was again read to appellant prior to the breath test, and appellant signed the implied consent form.

The trial court's decision on questions of fact and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous. *Woodruff v. State,* 233 Ga. 840, 844 (3) (213 SE2d 689) (1975); *Pittman v. State,* 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982). Since the only evidence at the suppression hearing was that the implied consent warning was given to appellant at the time of his arrest and again at the police station, the trial court's denial of appellant's motion to suppress was not erroneous.

*Judgment affirmed. McMurray, C. J., concurs in the judgment only. Deen, P. J., concurs specially.*

Decided April 5, 1984.

James E. Weldon, for appellant.
Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney, for appellee.

Deen, Presiding Judge, concurring specially.

"This court has consistently held that a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Zuber v. State*, 248 Ga. 314 (3) (282 SE2d 900) (1981). As there was a conflict in the evidence at trial, the trial court did not err in denying appellant's motion for a directed verdict of acquittal." *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984).

The evidence in this case meets the required test outlined and therefore I concur in the judgment of affirmance.