74381. LOCKWOOD v. THE STATE.
(361 SE2d 195)

SOGNIER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by trafficking in cocaine, speeding and improper lane change, and he appeals.

1. Appellant contends the trial court erred by denying his motion to suppress evidence. At a hearing on the motion Mickey Little, a Georgia State Trooper, testified that about 8:30 p.m., July 24, 1986, he stopped appellant on Interstate 75 after observing appellant make two improper lane changes and clocking appellant driving over 65 miles per hour. Little also verified the speed on his radar. After Little checked appellant's driver's license and vehicle registration, and learning that appellant had been in Orlando, Florida for about two weeks, Little went to appellant's vehicle to check the VIN and noticed for the first time that Curtis Phillips was in the car. Little was informed by Phillips that he and appellant had been in Kissimmee, Florida, for three days and were returning to New York. While talking to Phillips, Little observed that there were no seat belts visible in the back seat and the seat was not lodged firmly against the back as it should be. Because of the discrepancy between Phillips' and appellant's statements as to where they had been and for how long, and the fact that the back seat appeared to have been moved, Little returned to the rear of the car, told appellant of his (Little's) suspicions, and asked for permission to search the car. Appellant consented orally, and Little then prepared a written consent to search form which ap-

pellant read, stated he understood, and signed. Little testified that had appellant not consented to the search, Little would have issued a warning or a traffic ticket, and appellant would have been free to depart.

Appellant argues that Little had no "reasonable suspicion" to investigate possible drug activity and the alleged traffic violations merely provided a pretext to stop appellant and search his car. We do not agree. Although Phillips testified at the suppression hearing that appellant was speeding and changed lanes only because an "18-wheeler" that Little had stopped was obstructing one lane of the interstate highway, Little testified that when he first observed appellant's vehicle make improper lane changes the vehicle he had already stopped was completely off the travel lanes of the interstate highway. The trial court's decision on questions of fact and credibility of witnesses at a suppression hearing must be accepted unless clearly erroneous. *Parker v. State*, 170 Ga. App. 655, 656 (2) (317 SE2d 891) (1984); *Wilson v. State*, 179 Ga. App. 780, 782 (1) (347 SE2d 709) (1986). We find no error in the trial court's decision to accept Little's testimony as true. There was no evidence of coercion or duress by Little to obtain appellant's consent to search, and it is well settled that one of the exceptions to the requirement of both a warrant and probable cause is a search that is conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U. S. 218, 219 (93 SC 2041, 36 LE2d 854); *Mancil v. State*, 177 Ga. App. 663, 664 (340 SE2d 279) (1986). There was evidence to indicate that appellant's consent to search was voluntary; therefore, the trial court did not err by denying appellant's motion to suppress evidence seized as a result of the search of his car.

2. Appellant asserts error in the trial court's denial of appellant's request for production and in quashing his subpoena for the production of documents relevant to the suppression issue. Appellant submitted a Request For Production to the Sheriff of Catoosa County to obtain "[t]he entire personnel records of the officer who arrested Defendant" and "[a]ll records reflecting arrests made by and consents to search vehicles obtained by the officer who arrested Defendant in this matter." A subpoena was issued to the Department of Public Safety, attention of Little, directing him to bring his personnel records, records as to every arrest made by him, documents reflecting every arrest he made for trafficking in cocaine or any controlled substance, arrests made by him for speeding and improper lane change, and all of his citation or ticket books or similar documents. The State's motion to quash appellant's Request For Production and subpoena of records and documents from Little was granted, and appellant contends that ruling was error. He argues that the information was relevant to establish a pattern of identical traffic stops by Little as a pretext for searching a vehicle for drugs.

As to the personnel records of Little, this court has held that "[t]he [police] officer's personnel file can have no relevance to the guilt or innocence of the defendant in this case and the trial judge was absolutely correct to deny appellant access to it . . ." *Jinks v. State*, 155 Ga. App. 925 (2) (274 SE2d 46) (1980). In the instant case appellant has shown no relevance of Little's personnel records and we find no error in the court's ruling quashing the subpoena for such records.

In regard to the records of arrests for speeding and improper lane changes made by Little which resulted in seizure of narcotics, a notice to produce cannot be used in a criminal case to require production of reports, memoranda and documents in the files of law enforcement officers. *Wilson v. State*, 246 Ga. 62, 65 (1) (268 SE2d 895) (1980). The only purpose of such records would be to attack the credibility of Little, i.e., to show that those other persons were stopped on the pretext of traffic violations so Little could make an unlawful search for drugs. Aside from the fact that what occurred in another case would not be relevant as to whether or not traffic violations were committed in *this* case, Little gave a logical explanation for charging *all* speeders with going 65 miles per hour, namely, that under the pacing procedure Little used if a person was driving 65 miles per hour *or faster,* he charged them with driving 65 miles per hour. In a driving under the influence of alcohol case where appellant subpoenaed all of the DUI reports compiled by the arresting officer during the month of the defendant's arrest in order to attack the credibility of the officer, we held the trial court did not err by quashing the subpoena. *Taylor v. State*, 172 Ga. App. 827 (1) (324 SE2d 788) (1984). For the reasons set forth in *Taylor* we find no error by the trial court in granting the State's motion to quash appellant's notice to produce and his subpoena for Little's personnel records.

3. Appellant alleges the trial court erred by charging the jury that it was authorized to convict appellant of trafficking in cocaine based on constructive possession of the cocaine. He argues that OCGA § 16-13-31 (a) requires that a person be knowingly in *actual* possession of 28 grams or more of cocaine to be guilty of trafficking in cocaine, and therefore, the court's charge that he could be convicted if found in *constructive* possession of the cocaine was erroneous. This argument has been decided adversely to appellant in *Evans v. State*, 167 Ga. App. 396, 397 (1) (306 SE2d 691) (1983).

4. Appellant next contends error in the trial court's failure to give his requested instructions on the State's burden of proof, equal access, and actual versus constructive possession. In regard to the requested charge on the burden of proof, appellant made no objection to the court's charge on the burden of proof when asked by the court for exceptions or objections to the charge of the court. Thus, he has

waived his right to enumerate error in that charge on appeal. *Henry v. State*, 176 Ga. App. 462, 464 (5 (a)) (336 SE2d 588) (1985). As to a charge on actual and constructive possession, appellant requested such a charge and the court, in fact, charged the jury that the law recognizes two kinds of possession, actual and constructive. The court then defined actual and constructive possession for the jury. The only portion of appellant's requested charge on possession that was not given was a statement that "the offense of trafficking cannot be found unless *actual* possession has been found beyond a reasonable doubt." As stated in Division 3 of this opinion the quoted portion of the requested charge is not a correct statement of the law. Thus, the trial court did not err by refusing that portion of the requested charge on possession. Since appellant requested the remaining portion of the charge, he cannot now complain of the charge given by the court. *Davis v. State*, 238 Ga. 239 (232 SE2d 235) (1977); *Helton v. State*, 166 Ga. App. 662, 664 (2 (b)) (305 SE2d 592) (1983).

In regard to the court's failure to give appellant's requested charge on "equal access," the evidence did not support such a charge. Curtis Phillips, a co-defendant and the passenger in appellant's car, testified that he and appellant were together the entire time they were in Florida except for a two-hour period when appellant left in the car, stating that he was going to visit his sick grandfather. Phillips also testified that while they were driving back from Fort Lauderdale, no one had an opportunity to put anything in the back seat.

The equal access rule provides that merely finding contraband on premises occupied by a defendant will not support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Gee v. State*, 121 Ga. App. 41, 42-43 (1) (172 SE2d 480) (1970); *Allums v. State*, 161 Ga. App. 842, 844 (3) (288 SE2d 783) (1982). We have found no case in Georgia relating to the equal access rule as applied to two defendants charged with trafficking in cocaine and tried jointly. However, there are cases involving application of the rule indicating that the rule applies when persons *other* than the defendant *and members of his immediate household* (the equivalent here being Phillips in appellant's automobile) had equal opportunity to commit the crime. *Allums*, supra at 845. Since there is no evidence that persons other than appellant and his co-defendant, Phillips, had access to, or entered, appellant's car, the equal access rule does not apply to the facts of this case. Hence, the trial court did not err by failing to charge the jury on "equal access."

5. Appellant claims the evidence is not sufficient to support the verdict. As stated earlier, appellant was stopped for speeding and making improper lane changes. After being stopped he consented to a search of his vehicle, which resulted in finding four packages wrapped

in brown tape hidden under the rear seat. The packages were taken to the State Crime Laboratory where they were opened and found to contain a white powdery substance. Analysis showed that the powdery substance was 80 percent pure cocaine, with a total weight of almost nine pounds (4064 grams). Appellant was charged with trafficking in cocaine by actually possessing more than 400 grams of cocaine; 80 percent of 4064 grams is over 3200 grams of pure cocaine found in appellant's possession.

As to the traffic offenses, Little testified that appellant was clocked at 65 miles per hour and this speed was confirmed by radar. Little also testified that appellant made two improper lane changes. Although Little's testimony was contradicted by the testimony of Phillips, the weight of the evidence and credibility of witnesses are questions for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Thus, we find the evidence as to all offenses of which appellant was convicted sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

6. Lastly, appellant complains of the trial court's failure to take proper corrective action after the prosecutor's "improper, inflammatory" closing argument, and in denying appellant's motion for a mistrial based on such improper argument. Appellant objected to certain remarks of the prosecutor in closing argument, and those objections were overruled. In one instance the court gave curative instructions to the jury, but appellant made no objection to the court's instruction. Further, appellant did not request that the court rebuke the prosecuting attorney or take other corrective action, and this court cannot consider issues raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986). Appellant did not move for a mistrial and no ruling was made on any such alleged motion, so there is nothing for us to review in that regard. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1, 2, 3, 5, and 6 and in the judgment.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 21, 1987 —

*John P. Pieri, John L. Taylor, Jr., John L. Schaub*, for appellant.

*David L. Lomenick, Jr.*, District Attorney, *Amy Abernathy, David J. Dunn, James D. Franklin, McCracken K. Poston, Jr.*, Assis-

*tant District Attorneys*, for appellee.