45085. LOCKWOOD v. THE STATE.
(364 SE2d 574)

GREGORY, Justice.

Lockwood was convicted of the offense of trafficking in cocaine, OCGA § 16-13-31 (a), and was sentenced to thirty years in prison. The Court of Appeals affirmed the conviction. *Lockwood v. State*, 184 Ga. App. 262 (361 SE2d 195) (1987). We reverse.

Lockwood and his co-defendant, Curtis A. Phillips, Jr. were arrested on July 24, 1986 as they were travelling north on Interstate 75 in Catoosa County. They were initially stopped for speeding and improper lane usage. A subsequent consent search of the vehicle, which

belonged to Lockwood, revealed four bags of cocaine concealed behind the rear seat.

Lockwood contends the trial court erred in charging the jury that they were authorized to convict Lockwood of trafficking in cocaine if the jury found beyond a reasonable doubt that he had actual *or constructive* possession of the cocaine.[1] We agree. OCGA § 16-13-31 (a) provides that "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in *actual possession* of 28 grams or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ."(Emphasis supplied.) The indictment alleged that Lockwood did "unlawfully knowingly actually possess more than four hundred (400) grams of cocaine, a controlled substance, in violation of the Georgia Controlled Substances Act." However, in the charge to the jury the trial court stated that "[y]ou would be authorized to convict if you should find beyond a reasonable doubt that the defendant had actual or constructive possession either alone or jointly with others."

"The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." *Lee v. State*, 126 Ga. App. 38 (189 SE2d 872) (1972). See *Allen v. State*, 172 Ga. App. 663 (7) (324 SE2d 521) (1984) and *Evans v. State*, 167 Ga. App.

---

[1] The trial court charged the jury as follows:

"I charge you that the law recognizes two kinds of possession, actual and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. If one person alone has actual or constructive possession of the thing, possession is sole. If two or more persons shared actual or constructive possession of the thing, possession is joint. You would be authorized to convict if you should find beyond a reasonable doubt the defendant had actual or constructive possession either alone or jointly with others. I charge you that to support a finding of constructive possession, the circumstantial evidence must be both consistent with the theory of possession, and must also exclude every other reasonable possibility. A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Spatial proximity just simply means the space between."

During deliberations the jury was returned to the courtroom whereupon the following colloquy took place:

"THE COURT: Mr. Foreman, ladies and gentlemen of the jury, I have this note from you, and I quote, sir, we have different interpretations of the term possession of cocaine. Could you please correct us on this matter as it applies to this case. Do you have reference to the possession as I had explained it to you in the charge, is that the question?

THE FOREMAN: Yes, sir."

Following this exchange, the court repeated its earlier charge on actual and constructive possession in all material respects. The jury then retired and reached its verdict in thirty minutes.

396 (306 SE2d 691) (1983). There is most assuredly a difference between actual and constructive possession even if the difference is only a matter of degree. *Dalton v, State*, 249 Ga. 720 (292 SE2d 834) (1982).

In light of this we hold that the trial court committed error by charging that the jury was authorized to convict Lockwood based on a finding that he was in constructive possession of the cocaine. The statute clearly requires a finding of actual possession and not constructive possession.

*Judgment reversed. All the Justices concur, except Marshall, C. J., Clarke, P. J., and Weltner, J. who dissent.*

WELTNER, Justice, dissenting.

The only kind of possession in this case is *actual* possession, as the contraband was found in Lockwood's car while he was driving it. Because there was no evidence that could have supported a finding of any other kind of possession, the trial court's charge as to *constructive* possession was surplusage, and harmless.

I am authorized to state that Chief Justice Marshall and Presiding Justice Clarke join in this dissent.

DECIDED FEBRUARY 5, 1988.

*Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., John L. Schaub, Condon, Latona, Pieri & Dillon, John P. Pieri,* for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, McCracken K. Poston, Jr., Assistant District Attorneys,* for appellee.