A91A2122. CORBIN v. THE STATE.
A91A2243. SIMS v. THE STATE.
(416 SE2d 848)

ANDREWS, Judge.

Sims and Corbin appeal their convictions of possession of marijuana with intent to distribute and the appeals are considered together.

Viewed in favor of the verdict, the evidence showed that Corbin, a resident of a town near Fort Walton Beach, Florida, rented a car in Fort Walton Beach on the morning of July 29, 1990, to go to North Carolina to visit Sims, a friend of his father-in-law. Both men were experiencing financial difficulties. Although Corbin owned a car, he decided to rent one for the trip. Both men went to the airport rental office to pick up the car, paying a cash deposit. They took the rental car back to Sims' residence where the car was loaded. When Sims placed his overnight bag in the trunk, he saw a plaid suitcase which he testified he believed to be Corbin's. Corbin then drove them to Atlanta, a six-hour drive. They pulled off the expressway at 7:00 p.m. looking for gas. Officer Daniel pulled into traffic behind them, on his way home for his evening meal. He noticed Corbin make an abrupt turn without signalling and turned on his blue lights to pull him over. He approached the car and noticed that the license tag was from Florida and began with a "Y," indicating a rental car. He also noticed a rental agency sticker as he walked toward the car.

Upon reaching the driver's window, Officer Daniel noticed a very strong odor of freshly cut marijuana emanating from the car. Corbin appeared very nervous to the officer. Corbin was asked if he would consent to the officer's searching the car and he agreed. At that point, Officer Daniel went to the other side of the car and asked Sims to get out. He noticed the odor from that side of the car also. Upon search-

ing the car, the officer concluded the odor was coming from the trunk where he found two suitcases. Sims acknowledged that one was his and the officer found men's clothing in it. Neither occupant claimed ownership of the large plaid suitcase containing 8 lbs., 4 oz. of freshly cut marijuana. The marijuana was still damp and was wrapped in a Fort Walton Beach newspaper dated July 26, 1990.

1. Corbin's second enumeration and Sims' third allege error in the denial of their joint motion for directed verdict. Sims' first enumeration addresses the legal sufficiency of the evidence under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), which is the issue for this court in reviewing the denial of a motion for directed verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984). Defendants contended that the suitcase was the property of the person who rented the vehicle immediately before them. The fact that the jury did not accept this hypothesis as reasonable is not insupportable as a matter of law and the evidence was therefore sufficient. *Carswell v. State*, 201 Ga. App. 746, 747 (412 SE2d 572) (1991).

2. Both defendants filed motions to suppress below, based on their contentions that the stop was clearly pretextual and unreasonable under *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988). Corbin's first enumeration and Sims' second allege error in the denial of their motions and will be addressed together.

*Brown* involved an officer's observance and following of a vehicle on an interstate highway based solely on the drug courier profile. The officer followed the car until it made a quick lane change in order to get out of the officer's lane of traffic and then stopped the vehicle, later obtaining consent, and found by one panel of this court not to have been voluntary because of the pretextual nature of the stop.

Here, the officer testified that Corbin made an abrupt turn off a surface street without signalling, a traffic violation, OCGA § 40-6-123, and that he stopped the car because of the traffic violation. While Corbin testified he did signal, the court below resolved these credibility issues adversely to him and we must accept these findings unless clearly erroneous. *Hill v. State*, 183 Ga. App. 654, 656 (2) (360 SE2d 4) (1987).

"The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense. [Cits.]" *Gossett v. State*, 199 Ga. App. 286 (1 a) (404 SE2d 595) (1991). "A rule requiring a law enforcement officer to *forego* making a traffic stop which he would otherwise be authorized to make merely because he suspects that the vehicle might be engaged in the transport of illicit drugs would have little to commend it, and we have previously declined the invitation to create such a rule." (Citations omitted.) *Polk v. State*, 200 Ga. App. 17, 18 (406 SE2d 548) (1991).

There was no error in the denial of the motions to suppress.

3. Corbin also contends that the court's failure to give his requested charge on equal access requires reversal. There was no error. *Bozeman v. State*, 196 Ga. App. 743, 744 (6) (397 SE2d 30) (1990); *Lockwood v. State*, 184 Ga. App. 262, 265 (4) (361 SE2d 195) (1987), rev'd on other grounds, 257 Ga. 796 (364 SE2d 574) (1988).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1992.

*Wynn, Pelham & Associates, Nelson H. Turner,* for appellant (case no. A91A2122).

*Walter J. Clarke,* for appellant (case no. A91A2243).

*Thomas C. Lawler III, District Attorney, C. Lane Graves, Assistant District Attorney,* for appellee.