## 46646. JOHNSON v. THE STATE.
### (378 SE2d 859)

HUNT, Justice.

Gary Johnson was convicted for the murder of Deborah Nelson and the aggravated assault of Lamar Smallwood and Robert Moncus.[1] He received a life sentence for the murder charge and 20 years imprisonment for each of the assault charges. He appeals, enumerating as error the trial court's charge on self-defense and the trial court's failure to charge the law of involuntary manslaughter.

The evidence, viewed in the light most favorable to the jury's verdict, showed the following. The victims, Nelson, Smallwood and Moncus, had celebrated the birthday of another friend, Patricia Cook, and

---

[1] The crimes were committed on March 13, 1988, and the defendant was indicted in Fulton County on March 29, 1988. The jury returned its verdict on June 9, 1988. The defendant's motion for new trial, filed June 30, 1988, was denied on October 21, 1988. The defendant's out-of-time notice of appeal was filed January 5, 1989. The transcript was certified on July 27, 1988. The case was docketed in this court on February 1, 1989 and submitted for decision on March 17, 1989.

returned to Smallwood's trailer. Cook went to a bar near the trailer to get some ginger ale, had a drink with the defendant, and told him her friends were waiting for her in Smallwood's trailer. The defendant left the bar before Cook and fired his gun into Smallwood's trailer, wounding Smallwood and Nelson. Nelson died approximately eleven hours later. After the shooting, Smallwood ran out of the trailer, saw the defendant, and yelled to him that he had shot a woman. The defendant left in a nearby car after making a motion as though he were going to shoot Moncus, who had also left the trailer. Several hours later, the defendant called his employer, a friend, and told him he had killed someone and was in trouble. The defendant hid in a motel with a girl friend for several days before he was apprehended by a police officer. The car in which the defendant was found contained his packed belongings. At trial, the defendant admitted shooting his weapon but claimed he shot up in the air in self-defense. The defendant had been angry about a debt Smallwood owed him.

1. Based on the foregoing evidence, we conclude a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit to the defendant's first enumeration regarding the trial court's charge on self-defense. Contrary to the defendant's contention, the trial court specifically instructed the jury that the law of self-defense applied to all three counts of the indictment.

3. In his last enumeration, the defendant contends the trial court erred by failing to charge the law of lawful act involuntary manslaughter, OCGA § 16-5-3 (b). This enumeration is controlled adversely to the defendant by our holdings in *Crawford v. State*, 245 Ga. 89, 94 (3) (263 SE2d 131) (1980); *Strickland v. State*, 250 Ga. 624, 627 (4) (300 SE2d 156) (1983); and *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796) (1983) which stand for the rule that where, as here, a defendant seeks to justify a homicide under a claim of self-defense, the defendant is not entitled to an additional instruction on involuntary manslaughter in the course of the lawful act.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 11, 1989.

*Robert H. Alexander,* for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.