A89A0852. RAY v. THE STATE.
(383 SE2d 364)

SOGNIER, Judge.
Carl Jubal Ray appeals from his conviction for aggravated assault.

1. Appellant enumerates the general grounds. At trial Keith Anthony West testified that he and appellant were residents of a rooming house, and that on the evening in question, appellant became angry at him for talking with appellant's female visitor. West testified that when he tried to apologize to appellant, appellant became verbally abusive, left the living room where they were seated watching television, then returned with something in his hand. When West stood up, appellant grabbed him by the waist from behind and stabbed him in the back, chest, and hand. West stated he struggled with appellant and in the course of the scuffle they bumped against a table by a window and knocked out a window pane, but that he (West) never fell out through the window. Neither the police officer who was first on the scene nor the senior crime scene investigator found any sign of blood on the window glass or around the window in question and both noted that the wooden pane dividers in that window were intact. The paramedic who treated West at the scene testified that West had suffered puncture or stab wounds, which are different from the lacerations one would receive if injured by cut glass where the glass had not been used as a knife. The treating physician

testified that West's injuries were puncture wounds, inconsistent with the injuries a person would receive from falling through a window.

Appellant testified that West provoked the confrontation and during the fight that ensued, he grabbed West's arms, brought them down to West's side, and started running toward the window, still holding West. Appellant stated that a third party removed the table by the window so that he and West crashed into the window, breaking the glass. Appellant denied stabbing West and asserted West's injuries were caused by the broken window glass.

"It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. [Cit.] Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found appellant guilty beyond a reasonable doubt. [Cit.]; *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Blackman v. State,* 178 Ga. App. 88, 89 (1) (342 SE2d 24) (1986).

2. Appellant contends the trial court erred by failing to give his requested charge on accident taken from OCGA § 16-2-2. The trial court correctly ruled the requested charge setting forth that affirmative defense was inconsistent with appellant's claim that he stabbed West in self-defense. See *Culbreath v. State,* 258 Ga. 373, 376 (4) (369 SE2d 29) (1988). Appellant's reliance on *Mathews v. United States,* 485 U. S. ___ (108 SC 883, 99 LE2d 54) (1988) is misplaced because, dicta regarding allowance of instructions on inconsistent affirmative defenses in some states notwithstanding, the *Mathews* court did not recognize an entitlement to instructions on inconsistent affirmative defenses as a matter of constitutional dimension, but rather merely resolved the issue in federal courts under federal rules of criminal procedure.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 12, 1989.

*J. M. Raffauf,* for appellant.
*Robert E. Wilson, District Attorney, Robert M. Coker, Patricia G. Higginbotham, Assistant District Attorneys,* for appellee.

