### A89A1769. McCRIEF v. THE STATE.
(388 SE2d 859)

BANKE, Presiding Judge.

The appellant brings this appeal from his conviction of trafficking in cocaine.

Trooper Ogden of the Georgia State Patrol stopped the appellant for traveling 69 miles per hour in a 65-mile-per-hour zone. He asked the appellant to step to the rear of his vehicle and produce his driver's license and registration, and in response the appellant produced a South Carolina driver's license and rental agreement. The trooper then explained the reason for the stop and issued a courtesy

warning ticket. At this time, the appellant volunteered that his girl friend in South Carolina had rented the car for him, that he had left Charleston 14 hours earlier to drive to Tampa to visit another girl friend, and that he was now on his way back to Charleston. Finding this story somewhat implausible, the trooper became suspicious and asked the appellant if he had any objection to opening the trunk of his car. The appellant consented, and the trooper opened the trunk but found only a suitcase and various items of clothing inside.

According to the trooper, the appellant appeared to become "nervous and more upset" as these events transpired and began moving his hands in and out of his pockets. The trooper cautioned him to stop reaching into his pockets, but the appellant continued to move his hands in this direction. Fearing that the appellant might be in possession of a weapon, the trooper therefore asked him to consent to a pat-down search. The appellant responded, "You're not touching me," at which point the trooper radioed for a back-up unit to assist him. Upon hearing this request for assistance, the appellant changed his mind and consented to the search. However, when the trooper began patting down the area of his ankle, the appellant grabbed him by the arm, pushed him aside and began fleeing down the shoulder of the interstate. The trooper pursued him on foot and, with the aid of a flashlight, saw him reach down along his ankle, pull out an object and drop it on the ground. The object proved to be a zip-lock bag containing approximately 109 grams of cocaine. *Held*:

1. The appellant contends that the trial court erred in denying his motion to suppress the contraband, asserting that his conduct in fleeing amounted to a withdrawal of his consent to the pat-down search and that the officer's conduct in pursuing him amounted to an unlawful arrest. There is no merit to this contention. There is no question that the trooper was authorized to detain the appellant for speeding, and the circumstances as they developed warranted a reasonable apprehension on the part of the trooper that the appellant was armed. The trooper was thus authorized under *Terry v. Ohio*, 392 U. S. 1, 30 (88 SC 1868, 20 LE2d 889) (1968), to conduct a pat-down search "in an attempt to discover weapons which might be used to assault him." Obviously, when the appellant attempted to push the officer away and flee during the course of the pat-down search, the officer was not required to abandon his investigation but was authorized to apprehend him to maintain the status quo.

2. The appellant contends that the trial court erred in failing to admonish the husband of a juror who was present during the trial not to discuss the evidence with his wife. Contrary to the appellant's assertions, the transcript reveals that the trial court did in fact obtain assurances from the husband that he would not discuss the evidence with his wife. The court then asked appellant's counsel if the hus-

band's responses were satisfactory to him, and the latter replied, "It's fine with me, Judge." In any event, the jury reached its verdict on the same day the case was tried, so there was no opportunity for the couple to communicate before the verdict was returned. Consequently, this enumeration of error is without merit.

3. The appellant contends that the trial court erred in charging the jury on the law regarding constructive possession because the offense for which he was on trial required proof of actual possession. At the time of the appellant's arrest, the offense of trafficking in cocaine was committed by "[a]ny person who . . . is knowingly in *actual* possession of 28 grams or more of cocaine. . . ." OCGA § 16-13-31 (a) (1). The statute was amended effective January 1, 1989, to delete the actual possession requirement. Although this revision clearly did not have retroactive effect, the trial court instructed the jury as follows: "[I]t is necessary that the state prove beyond a reasonable doubt that the defendant was in possession as defined by this court of at least 28 grams of cocaine. . . . The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."

While the charge on constructive possession should not have been given under the circumstances, we find that the error was harmless since the only possible form of possession of which the appellant could have been found guilty under the evidence was actual possession. "[T]herefore, . . . although the charge on constructive possession may have been inapplicable, it was mere surplusage. '(A)n erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. [Cit.]' " *Raines v. State*, 186 Ga. App. 239 (4) (366 SE2d 841) (1988). Compare *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988).

4. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offense of trafficking in cocaine. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED NOVEMBER 27, 1989 —

*Lloyd E. Thompson, Jr.*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Christopher A. Frazier*,

*Assistant District Attorney*, for appellee.