S90G0388. McCRIEF v. THE STATE.
(390 SE2d 32)

SMITH, Presiding Justice.

The appellant, Jack McCrief, was convicted of trafficking in cocaine, under OCGA § 16-13-31 (a). The Court of Appeals affirmed his conviction, *McCrief v. State*, 193 Ga. App. 667 (388 SE2d 859) (1988), and we granted certiorari to determine whether *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), is controlling. We hold that it is not, and we affirm.

Mr. McCrief was arrested on June 19, 1988, after being stopped for a traffic violation. While issuing the citation, the police officer noticed Mr. McCrief acting in a suspicious manner. The officer requested and received permission to perform a pat-down search. During the pat-down search, Mr. McCrief attempted to flee and in the process tried to discard a package which proved to contain approximately 109 grams of cocaine. He was indicted for trafficking in cocaine.

The trial court gave jury instructions on the law of actual and constructive possession. Mr. McCrief was convicted, and now appeals his conviction on the grounds that the instruction on constructive possession is reversible error under *Lockwood v. State*, supra. We find no error.

Prior to March 1988, the State had to show that the accused had actual possession of the contraband to attain a conviction for trafficking in cocaine under OCGA § 16-13-31 (a). See *Lockwood v. State*, supra, 257 Ga. at 798.

Shortly after *Lockwood*, the Georgia General Assembly amended

OCGA § 16-13-31 (a) to delete the actual possession requirement. This amendment became effective March 28, 1988, more than two months before Mr. McCrief committed his offense. (See Ga. L. 1988, pp. 420-424.) Therefore, this case is not controlled by *Lockwood*, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 5, 1990.

*Lloyd E. Thompson, Jr., Dwight L. Thomas*, for appellant.

*Glenn Thomas, Jr., District Attorney, Christopher A. Frazier, Assistant District Attorney*, for appellee.