## A90A2260. HIGHFIELD v. THE STATE.
(402 SE2d 125)

SOGNIER, Chief Judge.

Terry Highfield was convicted of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon, and was sentenced for those crimes and as a recidivist. He appeals.

1. Appellant enumerates the general grounds. At trial, Gary Livingston testified that after being tailgated by a red sports car, he stopped, got out of his car, and spoke to the driver of the car, whom he identified as appellant. He stated that appellant, who was the only person in the car, asked if he knew where drugs could be purchased. After Livingston responded negatively, appellant drove on. Livingston started walking up the sidewalk and saw appellant's car stop and appellant engage some men at the corner in conversation. Livingston then heard shooting, which he stated was coming from appellant's car because he then saw the men by the car running away and gunfire coming from the driver's side of the vehicle. Livingston testified that after the first few shots, he observed appellant's arm extend out the driver's window and could see a gun in his hand. He saw the arm pointed in the direction of a yard where several children were playing. Anthony Wade, an eleven year old boy, testified that on the day in question, he, his brother, and another boy were playing football when he saw a red car pull up nearby and stop. He identified appellant as the driver of the car. Wade saw two men walk to the car and talk with appellant briefly. He then heard two shots fired from the car and saw appellant look at him. Wade said he saw the gun in appellant's hand, and when it turned to point at him, he ran. Upon hearing a gunshot Wade fell to the ground, intending to pretend to be hit, but he actually was shot in the back. The State also introduced into evidence a certified copy of appellant's prior conviction for burglary and theft by receiving stolen property.

We find from the evidence adduced at trial that a rational trier of fact was authorized to find appellant guilty beyond a reasonable doubt as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Ray v. State*, 191 Ga. App. 881, 882 (1) (383 SE2d 364) (1989).

2. The trial court did not err by admitting opinion testimony by Sergeant Ralph Bishop and Officer Rick Peace, respectively 18 year and eight year veterans of the Rome Police Department, that the victim had been shot. See *Tanner v. State*, 163 Ga. 121, 126-127 (7) (135 SE 917) (1926).

3. Appellant contends the trial court erred when it refused on the basis of untimeliness to conduct a hearing on his motion to suppress the .32 calibre pistol recovered by the police from his residence. Al-

though appellant pled not guilty several months earlier, he argues that his motion to suppress was timely because he did not learn about the seizure of the pistol until April 26, 1990. His motion to suppress was filed May 8, 1990, the day after his counsel announced ready at the call of the trial calendar. "Although [OCGA § 17-5-30] does not provide for a specific time when such motion must be filed, it is clear that it shall be filed before trial as the purpose is to avoid the interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained. (A) failure to interpose a timely motion to suppress . . . constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question." (Citations and punctuation omitted.) *Dixson v. State*, 191 Ga. App. 410 (1) (382 SE2d 357) (1989). Given that appellant had learned of the pistol's seizure ten days before he announced ready to proceed to trial at the call of the trial calendar but nevertheless did not file his motion until the day after he had announced ready, we find no error in the trial court's ruling that the motion was untimely. See generally *Holton v. State*, 243 Ga. 312, 316-317 (3) (253 SE2d 736) (1979). Compare *Collier v. State*, 171 Ga. App. 214 (319 SE2d 51) (1984) (motion to suppress timely when filed prior to the calling of the docket on the morning of trial, before issue had been joined). Furthermore, we note that the transcript establishes that the search that uncovered the pistol was conducted with the voluntary consent of the woman who lived at the residence with appellant. See *Rucker v. State*, 250 Ga. 371, 375 (11) (297 SE2d 481) (1982).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 6, 1991.

*Danny W. Crabbe*, for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.