A91A0631. THOMAS v. THE STATE.
(405 SE2d 901)

SOGNIER, Chief Judge.

Gregory Thomas was charged with aggravated assault and possession of a knife during the commission of a crime. A jury found Thomas guilty of aggravated assault but not guilty of the second charge, and Thomas appeals from the judgment of conviction and sentence entered on the jury's verdict.

Construed to support the verdict, the evidence adduced at trial showed that after dark on the evening of December 6, 1989, the victim, who was 18 years old, became involved in an altercation with appellant's 18-year-old brother, Dwayne Thomas, on a public sidewalk in the neighborhood where both the victim and appellant's family resided. During a lull in the fighting, Dwayne entered the home of another relative who lived on the street, telephoned appellant, his brother, and came out carrying a hammer. The victim was wielding a brick, and the fighting continued. Appellant testified at trial that after being called by Dwayne he walked to the scene of the fight, followed by another brother and a friend, and took his brother Dwayne home. However, the fight had attracted spectators, many of whom were friends of Dwayne and the victim, and five of the onlookers testified at trial that appellant had stabbed the victim with a knife. Numerous other witnesses testified to the stabbing but said they could not see the weapon or identify appellant as the person who used it.

In his sole enumeration of error, appellant contends the evidence was insufficient to support the verdict. Although appellant acknowledges that the "inconsistent verdict rule" has been abolished, see *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986); *Hines v.*

*State*, 254 Ga. 386, 387-388 (329 SE2d 479) (1985) (Hill, C. J., concurring specially), he argues that his acquittal on the second count demonstrates the jury was unconvinced the assault was committed with a knife, and accordingly the jury should also have acquitted him of the crime of aggravated assault as charged.

We find the verdicts on the two counts neither inconsistent nor erroneous as a matter of law. Count one of the indictment charged appellant with assaulting the victim "with a knife, an instrument which when used offensively against said person, was likely to result in serious bodily injury." Count two charged that appellant "did have in his possession a knife with a blade of 3 or more inches in length during the commission of the offense alleged in Count One herein." It is thus apparent that the length of the knife blade was a material element of the second count (but not of the first) and, given that little testimony was elicited describing the knife itself, it follows that appellant was acquitted of the charge of possessing a knife with a specific blade length.

Moreover, although appellant denied it, several eyewitnesses testified positively that appellant stabbed the victim with a knife. " 'It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. (Cit.) Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found appellant guilty [of count one] beyond a reasonable doubt. (Cit.); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).' [Cit.]" *Ray v. State*, 191 Ga. App. 881 (1) (383 SE2d 364) (1989).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 20, 1991.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, James W. Richter, Michael D. Thorpe, Assistant District Attorneys*, for appellee.