A92A0111. GOODWIN v. THE STATE.
(419 SE2d 39)

POPE, Judge.
Defendant Maria Goodwin, indicted for malice murder, was con-

victed of the lesser included offense of voluntary manslaughter. She appeals.

1. The testimony at trial established that defendant was employed by a plant nursery. The crew with which she worked frequently engaged in horseplay at their outdoor work site. On the day in question, the horseplay among the employees had been particularly aggressive. After lunch, defendant threw her chewing gum in a basket of plant cuttings from which the victim was working. The victim approached defendant and told her to stop. Defendant held a bottle of muddy water over the victim. The victim shoved the basket at the defendant and apparently knocked the bottle out of the defendant's hand. The defendant then placed both hands around the victim's neck and carried or pulled her by the neck several feet. As other co-workers tried to pull the defendant off the victim, the victim collapsed while the defendant still held on to her neck. The victim died as a result of defendant's acts.

Defendant presented the argument of self-defense. She also requested a charge on involuntary manslaughter pursuant to the theory that she committed a "lawful act in an unlawful manner," as set forth in OCGA § 16-5-3 (b). Defendant argues the trial court erred in refusing to give the charge and submit the issue of involuntary manslaughter to the jury. The Georgia Supreme Court in *Pullin v. State*, 257 Ga. 815 (4) (364 SE2d 848) (1988), expressly rejected defendant's argument that the use of excessive force in self-defense constitutes the commission of lawful act/unlawful manner involuntary manslaughter. "[I]f [the defendant] is justified in killing under OCGA § 16-3-21 [she] is guilty of no crime at all. If [she] is not so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b) . . . for the jury, in rejecting [her] claim of justification, has of necessity determined thereby that the act is not lawful." *Saylors v. State*, 251 Ga. 735, 737 (3) (309 SE2d 796) (1983). See also *Johnson v. State*, 259 Ga. 235 (378 SE2d 859) (1989).

2. Defendant also argues the trial court erred in refusing to give a requested charge on accident. "The essence of the defense of accident is that the defendant's act was not intentional. The defense of self-defense, on the other hand, admits the intentional commission of the act, but seeks to justify the act based on the legal excuse that the defendant acted from reasonable fear of immediate serious harm. The defenses of accident and self-defense are therefore inconsistent, and a defendant generally is not entitled to a charge on both." *Culbreath v. State*, 258 Ga. 373, 376 (4) (369 SE2d 29) (1988).

Defendant argues, however, that the circumstances of her case are materially distinguishable from those in *Culbreath*, in which the defendant either pulled the trigger of the gun which killed the victim intentionally, though in self-defense, or accidentally during a struggle

with the victim. In this case, defendant admits she intentionally grasped the victim by the neck but, she claims, did not intend to commit bodily harm to her. In support of this argument, defendant points to the testimony of the pathologist who examined the victim's body and found only minor external evidence of trauma to the victim's neck. He testified the victim did not appear to have died from asphyxiation or strangulation but from heart arrhythmia brought on by pressure to the carotid sinus of the neck. The pathologist testified that such arrhythmia could be caused by a minor amount of pressure to the carotid sinus and, in particularly susceptible individuals such as the elderly, could even be caused by the pressure of a tight shirt collar. Consequently, defendant argues she should have been allowed to present to the jury her theory that the victim's death was the accidental result of her intentional act. The Georgia courts, however, have refused to recognize a right to a charge on accident when the defendant's act was intentional. See, e.g., *Culbreath v. State*, supra; *Duke v. State*, 256 Ga. 671 (1a) (352 SE2d 561) (1987); see also *Ray v. State*, 191 Ga. App. 881 (2) (383 SE2d 364) (1989).

3. At the pre-trial hearing on defendant's competency to stand trial, the evidence showed defendant was prescribed medication for depression. A jury found defendant to be competent to stand trial. Nevertheless, defendant moved for a continuance for a sufficient period of time to clear her system of the alleged effects of over-medication of the defendant by jail authorities. Defendant argues the trial court erred in denying her motion and abused its discretion by failing to address specifically her grounds for the motion. Instead, the trial court referred to the cost of dismissing the jury panel which had been called for the case and calling another panel at a later date. We find no abuse of discretion. The ground for defendant's motion for continuance was, essentially, that she was not competent to cooperate fully in the defense of her case. The jury, however, had already found the defendant competent and the trial court did not err in denying the motion.

4. Finally, defendant argues the evidence was insufficient to support the conviction because the indictment accused her of causing the death of the victim by "using her hands to choke [the victim] about her neck . . ." whereas the expert testimony established the cause of death was not asphyxiation or strangulation but, most likely, heart failure. Defendant cites to dictionary definitions of "choke" to argue that the indictment accused her of strangling the victim. We reject this argument. The evidence was sufficient to permit a rational trier of fact to find that the victim's death was caused by the defendant's act of using her hands to choke the victim about the neck.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 24, 1992 —
RECONSIDERATION DENIED MAY 8, 1992 — 

*Russell C. Gabriel*, for appellant.
*Harry N. Gordon*, District Attorney, *Gerald W. Brown*, Assistant District Attorney, for appellee.