## A92A1281. REID v. THE STATE.
(425 SE2d 315)

BIRDSONG, Presiding Judge.

Appellant Douglas Allen Reid was indicted and tried for murder. He was found guilty of voluntary manslaughter and sentenced to 20 years in the penitentiary. His motion for new trial was denied and he appeals from his conviction and sentence. *Held*:

1. Reid enumerates as error the denial of his motion for directed verdict made at the close of the State's evidence, and the denial of his motion for new trial on the general grounds. His argument in support of his contention that the prosecution failed to prove its case is based upon the following statement of facts quoted in its entirety from his brief: "Appellant shot his girlfriend's husband in the parking lot of the Alpharetta Pizza Hut." He claims there was no evidence that the victim died as a result of the gunshot wound; and that the evidence he fired the gun was purely circumstantial and failed to exclude every other reasonable hypothesis save that of his guilt. We do not agree.

The medical examiner testified that he had performed an autopsy on the victim, who had sustained a gunshot wound to the right side that went through the space between the fourth and fifth ribs, the right lung, the aortic blood vessel from the heart, the left lung and ended in the muscles in his back. The victim's wife testified that she tried to stop her husband from approaching the car in which Reid was the sole occupant to start a fight, but he threw her to the ground. Then she heard a gunshot and saw Reid's car drive away immediately. The officer who arrived at the scene within minutes stated he found the victim lying on the ground looking "very pale," with "shallow breathing" and appearing to be "beyond any help." The State's forensic expert testified that the portion of the bullet retrieved from the victim's body was fired from a weapon Reid subsequently handed over to the police. Reid surrendered himself to the police. At trial he took the stand and admitted making prior threats to shoot the victim, and he admitted the final confrontation occurred when he knew the victim had no weapon and he nevertheless cocked and loaded his own gun.

"A directed verdict of acquittal in a criminal case is authorized only '(w)here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or "not guilty." ' (Emphasis sup-

plied.) OCGA § 17-9-1 (a). [Cit.] When, as in this case, a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), it cannot possibly be said the evidence *demanded* a verdict of acquittal." *Miller v. State*, 201 Ga. App. 108-109 (1) (410 SE2d 328). "On appeal a reviewing court can consider all the evidence (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)) and must view the evidence in the light most favorable to the verdict. [Cit.]" *Jones v. State*, 201 Ga. App. 102, 103 (2) (410 SE2d 199). The trial court did not err in denying either motion.

2. Nor do we agree that the trial court erred in refusing to instruct the jury on the lesser included offense of involuntary manslaughter (OCGA § 16-5-3 (b)) as requested by appellant. He argues that the Supreme Court has announced a new rule that a written request to charge a lesser included offense must always be given if there is any evidence the defendant is guilty of the lesser included offense; and that applying the rule to the instant case, a conviction of the lesser included offense of involuntary manslaughter could have been supported by considering the lawful act to be self-defense and the unlawful manner to be the use of excessive force. His reliance on *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550) is misplaced, however, as the rule was voiced there in regard to a written request to charge the lesser included offense of possession of a controlled substance. "The Georgia Supreme Court in *Pullin v. State*, 257 Ga. 815 (4) (364 SE2d 848) (1988), expressly rejected defendant's argument that the use of excessive force in self-defense constitutes the commission of lawful act/unlawful manner involuntary manslaughter. '(I)f (the defendant) is justified in killing under OCGA § 16-3-21 [he] is guilty of no crime at all. If [he] is not so justified, the homicide does not fall within the "lawful act" predicate of OCGA § 16-5-3 (b) . . . for the jury, in rejecting [his] claim of justification, has of necessity determined thereby that the act is not lawful.' [Cits.]" *Goodwin v. State*, 204 Ga. App. 209, 210 (1) (419 SE2d 39). We find no grounds for reversal.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 28, 1992 —
RECONSIDERATION DENIED NOVEMBER 19, 1992

*Steven W. Reighard*, for appellant.
*Lewis R. Slaton*, District Attorney, *Henry M. Newkirk*, *Nancy A.*

*Grace, Assistant District Attorneys*, for appellee.