S92G1081. GOODWIN v. THE STATE.
(427 SE2d 271)

PER CURIAM.

Maria Teresa Josephina Goodwin and Julie Elizabeth Poole were co-workers at a greenhouse or plant nursery. The two were roughhousing with each other at work when Poole shoved Goodwin and, in response, Goodwin grabbed Poole by the neck. Poole collapsed and died shortly thereafter. The state's medical expert testified that: there were virtually no signs of forcible injury on Poole's neck, the cause of death was *not* strangulation or asphyxiation but was heart dysrhythmia brought on by the pressure from Goodwin's hands to the carotid sinus in Poole's neck, and the amount of pressure to the carotid sinus which could cause heart dysrhythmia might be as slight as that of a shirt collar around a neck.

Goodwin was convicted of the voluntary manslaughter of Poole and sentenced to 20 years imprisonment. In *Goodwin v. State*, 204 Ga. App. 209 (419 SE2d 39) (1992), the Court of Appeals affirmed the conviction and we granted a writ of certiorari to the Court of Appeals

to consider various aspects of the trial court's charge to the jury. We find that the trial court erred and reverse the opinion of the Court of Appeals.

1. Considering the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Goodwin guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In Division 2 of its opinion, the Court of Appeals, relying upon certain language in our decision of *Culbreath v. State*, 258 Ga. 373 (369 SE2d 29) (1988), affirmed the trial court's refusal to charge on the law of accident. In *Turner v. State*, 262 Ga. 359 (418 SE2d 52) (1992), decided after the Court of Appeals decided the present case, we overruled that particular language of *Culbreath*. We cannot say that there was no evidence of accident or that the lack of such charge was harmless and, therefore, we find that Goodwin is entitled to a new trial and reverse Division 2 of the Court of Appeals' decision.

3. Because the propriety of an involuntary manslaughter charge will depend upon the facts developed in the retrial of the case, we do not address the issue of the court's refusal to give said charge in the first trial.

*Judgment reversed as to Division 2. All the Justices concur. Carley, J., disqualified.*

DECIDED MARCH 18, 1993.

*Russell C. Gabriel,* for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.