## A93A2213. HICKS v. THE STATE.
(439 SE2d 56)

BLACKBURN, Judge.

The appellant, James Michael Hicks, his brother, William Scott Hicks, and Greg Farmer were charged with two counts of aggravated assault, criminal damage to property in the first degree, and posses-

sion of a firearm during the commission of the assaults.[1] Following a joint trial by jury with Greg Farmer, James Michael Hicks (hereinafter referred to as Hicks) was found guilty on both counts of aggravated assault and possession of a firearm during the commission of the aggravated assaults. He was acquitted of the criminal damage to property charge, and sentenced to ten years in prison with five of the ten-year prison sentence to be served on probation.[2] His motion for new trial was subsequently denied by the trial court and this appeal followed.

The evidence viewed in the light most favorable to the jury's verdict shows that Hicks had known the victims, Ronnie Price (hereinafter referred to as Price) and Rebecca Price, for several years prior to the incident in question. In December 1990, Price loaned Hicks approximately $300, and as collateral for the loan, Hicks pledged a 12-gauge shotgun, a six millimeter rifle, and a pair of binoculars. When Hicks did not repay the loan after he received his income tax refund as agreed, Price sold the items. Hicks subsequently made numerous demands for the return of his firearms. At Hicks's request, Price unsuccessfully attempted to reacquire the firearms with funds provided by Hicks.

On May 5, 1991, the Prices were informed that Hicks wanted to harm Price because of his failure to return the firearms. Hicks, his co-defendants, and two other men, went to the Prices' home in Farmer's vehicle for the purpose of retrieving the firearms. The men were armed with Farmer's .357 Magnum revolver and Hicks's .22 rifle. Hicks stopped his vehicle on a public road at the top of the Prices' driveway.

The Prices were at the back door of their mobile home attempting to enter when Hicks requested that Price come over to him and Price refused. Scott Hicks stood at the edge of the road wielding a .357 Magnum pistol while Greg Farmer stood on the passenger side of their vehicle armed with Hicks's rifle. Rebecca Price retrieved a .22 rifle from her bedroom while her husband called the sheriff. Scott Hicks demanded that she put the weapon down or he would shoot her. She refused to do so and Scott shot through the door of the home. Rebecca returned the shots, and the two began to exchange gunfire. Price was wounded in the hand as a result of shots fired into the mobile home. Hicks fired two additional shots toward the mobile home as the defendants fled. A GBI examiner opined that the two

---

[1] Scott Hicks, the appellant's brother, was also charged with possession of a firearm by a convicted felon and recidivism.

[2] Farmer was found guilty of both counts of aggravated assault and possession of a firearm during the commission of the assaults. He was acquitted of criminal damage to property in the first degree.

bullets removed from the Prices' home were fired by the .357 Magnum.

The men were subsequently apprehended nearby. Hicks voluntarily provided a statement to an investigating officer which was read into evidence. Hicks admitted confronting Price about the firearms on May 5, 1991, and informing Price that the two could resolve the firearms matter through fighting, or that Hicks could obtain a warrant for their return. Hicks further admitted that he fired two shots before they left. At trial, Hicks admitted that he appeared at the Prices' home with the other men armed with weapons for the purpose of retrieving his firearms and fired two shots in the air. He maintained however that Rebecca Price fired the initial shot.

1. In his first enumeration of error, Hicks maintains that the trial court erred in failing to direct a verdict of acquittal on the offense of aggravated assault. We disagree.

Under Georgia law, participants in a crime may be charged with and convicted of the commission of the crime. OCGA § 16-2-20. While an individual's mere presence when a crime is committed is not sufficient to warrant conviction, if the individual is present and assists in the commission of the crime, the individual may be convicted as a party thereto. *Grace v. State*, 262 Ga. 746 (4) (425 SE2d 865) (1993). Moreover, the jury is authorized to infer the individual's criminal intent from conduct before, during, and after the commission of the crime. *Williams v. State*, 262 Ga. 677 (1) (424 SE2d 624) (1993).

In the case sub judice, it is undisputed that Hicks took an active role in the assault of the victims. Based upon his intention to retrieve firearms from Price, he armed himself with a weapon, and while accompanied by several men, went to the Prices' residence, and in an effort to retreat, fired shots toward the home. Contrary to Hicks's contention, this evidence showed more than Hicks's presence at the scene. See *Williams v. State*, 208 Ga. App. 12 (430 SE2d 157) (1993). Although Hicks maintains that he did not conspire with Scott Hicks to assault the victims, "[c]onspiracy is a question for the jury," and the jury was authorized by the evidence produced by the State at trial to resolve this issue against Hicks. *Simpkins v. State*, 149 Ga. App. 763, 768 (3) (256 SE2d 63) (1979).

"A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or not guilty." (Citations and punctuation omitted.) *Reid v. State*, 206 Ga. App. 367 (1) (425 SE2d 315) (1992). "When, as in this case, a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), it

cannot possibly be said the evidence *demanded* a verdict of acquittal." (Citation and punctuation omitted.) Id. at 368.

While Hicks further maintains that a directed verdict of acquittal was warranted based upon Rebecca Price's statement that she was not afraid of the men, the offense of aggravated assault is based upon the victims' reasonable apprehension of bodily injury by an assailant's use of a deadly weapon. *Williams v. State*, supra.

2. Next, Hicks argues that the trial court erred in charging the defense of habitation, and such error warrants reversal. Hicks concedes that the trial court's charge on habitation stated a correct principle of law, but maintains that it was not adjusted to the facts and improperly shifted the burden of proof to him. We disagree.

Under OCGA § 16-3-23, the "use of deadly force in defense of habitation is justified if the person 'reasonably believes that the entry is made or attempted for the purpose of committing a felony therein.' [Cit.]" *Lee v. State*, 202 Ga. App. 708, 711 (3) (415 SE2d 290) (1992). In the case sub judice, Hicks maintained at trial that Rebecca Price was the aggressor. The trial court charged the jury on habitation in the event that the jurors believed Rebecca Price initiated the gunfire. However, the evidence produced at trial showed that Rebecca Price reasonably believed that the use of a firearm was necessary to terminate the attack made upon their home by Hicks and his companions. Assuming arguendo that the charge was improperly given, considering the entire record and the overwhelming evidence of Hicks's guilt of the offenses charged, any error in the giving of the charge was not prejudicial or harmful. *McCrief v. State*, 193 Ga. App. 667 (3) (388 SE2d 859) (1989). See *Grier v. State*, 212 Ga. 248 (7) (91 SE2d 749) (1956) (decided under former Code Ann. § 26-1011). Moreover, the trial court did not improperly shift the burden of proof to Hicks as "[t]he only burden which the trial court expressly placed on either of the parties was the burden placed on the state to prove [Hicks's] guilt beyond a reasonable doubt." *Lemley v. State*, 245 Ga. 350, 353 (2) (264 SE2d 881) (1980). Accordingly, a new trial was not warranted.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993.

*Jeffrey L. Floyd*, for appellant.
*Roger Queen, District Attorney*, for appellee.