S94A0113. HALL v. THE STATE.
(441 SE2d 245)

HUNSTEIN, Justice.

Carl Anthony Hall was convicted of murder, aggravated assault with a deadly weapon, and possession of a firearm by a convicted felon.[1] He appeals.

1. The evidence adduced at trial authorized the jury to find that after Wendell McClain confronted appellant to tell him to stop selling illegal drugs around his son, the men argued. Although Mr. McClain walked away, when he returned to his car parked in the area, appellant approached him and reinitiated the argument. A bystander who asked appellant why he was heading towards Mr. McClain testified that appellant responded that he was "tired of [Mr. McClain's] bull." Jacquelyn McClain, Wendell's sister, and the bystander intervened to try to stop the argument. Appellant produced a semi-automatic gun and killed Ms. McClain by shooting her once in the forehead. As Mr. McClain fought with him, appellant fired two more shots, one of which penetrated both of Mr. McClain's legs. Neither victim was armed.

Although appellant testified that he fired the shots in self-defense because he believed Mr. McClain was getting a weapon out of his car and that he did not intend to shoot Ms. McClain, the jury was the arbiter of credibility including as to appellant's explanation. See

---

[1] The crimes occurred on November 28, 1992. Hall was indicted on March 31, 1993 in Evans County. He was found guilty on May 4, 1993, and his sentence was filed on May 11, 1993. His motion for new trial was filed on May 28, 1993 and denied on September 2, 1993. The transcript was certified on July 20, 1993. Upon granting of Hall's motion for an out-of-time appeal, his notice of appeal was filed on October 11, 1993. The appeal was docketed on October 22, 1993. This appeal was submitted for decision without oral argument on March 12, 1994.

*Glover v. State*, 237 Ga. 859, 860 (230 SE2d 293) (1976). We find the evidence sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit in appellant's argument that his character was impermissibly placed into evidence by the admission of Mr. Mc-Clain's testimony regarding why he approached appellant. Evidence that is material in explaining the conduct of the witness does not become inadmissible simply because defendant's character is incidentally put in issue. *Moss v. State*, 148 Ga. App. 459 (2) (251 SE2d 374) (1978). Mr. McClain's testimony was independently relevant as it explained the argument between the men which directly led to the murder and aggravated assault. Accord *Baxter v. State*, 254 Ga. 538 (16) (331 SE2d 561) (1985).

3. We find no abuse of the trial court's discretion in propounding questions of appellant regarding the manner in which the semi-automatic weapon in issue could be fired. *Sheriff v. State*, 197 Ga. App. 143 (4) (397 SE2d 732) (1990).

4. The trial court did not err by failing to charge the jury on the lesser included offenses of simple battery and involuntary manslaughter, as the battery charge was not required where the indictment charged appellant with assault with a deadly weapon and the evidence showed beyond a doubt that an assault was committed with a deadly weapon, see *Scott v. State*, 208 Ga. App. 561 (1) (430 SE2d 879) (1993), and there was no basis for a charge on involuntary manslaughter where the victims were placed in a reasonable apprehension of immediate violent injury, *Gardner v. State*, 263 Ga. 197 (429 SE2d 657) (1993), and where under appellant's version of the facts he fired his weapon in self-defense. *Reid v. State*, 206 Ga. App. 367 (2) (425 SE2d 315) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 1994.

*Lloyd D. Murray*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.