## A96A1867. RICE v. THE STATE.
(481 SE2d 839)

McMURRAY, Presiding Judge.

Defendant and co-defendant Harris were charged in an indictment with trafficking in methamphetamine. The evidence adduced at a jury trial reveals that an undercover law enforcement officer, Detective Robert Roddy of the Atlanta Police Department, observed defendant in the baggage claim area of the Atlanta airport give a briefcase to co-defendant Harris which contained over 40 grams of methamphetamine. The jury found defendant guilty of the crime charged. The jury found co-defendant Harris not guilty. This appeal

followed the trial court's denial of defendant's motion for new trial. *Held*:

1. Challenging the trial court's denial of his motion for new trial, defendant contends he was denied effective assistance of counsel at a motion to suppress hearing because the attorney who then represented him also represented defendant's mother on other criminal charges. Urging the existence of an actual conflict of interest, defendant argues that his mother gave law enforcement officers a tip which led to his arrest "in return for a reduced sentence" and that his former attorney — wishing not to compromise defendant's mother — "asked no questions [at the motion to suppress hearing] regarding the participation of [defendant's mother] in the arrest of her son[,] despite the fact that the prosecution had [an] 'open file' policy which made [defendant's former attorney] privy to the information within that file regarding [defendant's mother's] involvement and despite the fact that [defendant's former attorney] represented [defendant's mother] through her plea pursuant to which she cooperated with law enforcement regarding her son. . . ."

Where there is new counsel appointed or retained, he must raise ineffectiveness of previous counsel at the first possible instance in the legal proceedings or waive the issue. *White v. Kelso*, 261 Ga. 32 (401 SE2d 733). In the case sub judice, defendant concedes in his brief that he retained another attorney a week before trial and the record and trial transcript reveal that defendant's newly retained attorney did not raise the alleged ineffectiveness of defendant's former attorney any time before or during trial. Further, the following dialogue between the trial court and defendant's newly retained attorney indicates that both defendant and defendant's newly retained attorney were aware before trial of the circumstances which form the basis of defendant's ineffective assistance of counsel claim: "THE COURT: All right. Anything before we bring the jury in to be sworn? [DEFENSE COUNSEL]: Your Honor, I'm not sure if the Court Reporter was present yesterday when I gave the offer to file a motion to suppress and the Court advised that the motion would not be heard. THE COURT: I've already had a motion to suppress. [DEFENSE COUNSEL]: I understand, Your Honor. I just wanted to note that I made an effort. Since I came into this case late and just had an opportunity to read the transcript of those proceedings, I felt that there were matters that were not utilized that were in the file and to renew that motion might be appropriate. That being the case, I have discussed this matter with my client considering all of the facts and potential effects of not having a motion heard and the evidence that will be presented in the case. We had an opportunity to discuss it in great length out in the hallway and his desire to proceed forward in the case and he has made a decision to do that. With that,

Your Honor, I believe we'd pronounce ready. THE COURT: Ready? All right. Bring the jury in."

While we find no case involving waiver of ineffectiveness of counsel based on a conflict of interest under circumstances such as the case sub judice, "we recognize the rule that objection to counsel's qualification to represent multiple criminal defendants must be raised prior to trial. *Brown v. State*, 247 Ga. 298 (275 SE2d 52) (1981)." *Hudson v. State*, 250 Ga. 479, 481 (299 SE2d 531). Of course, in order for this rule to apply in the case sub judice, it must affirmatively appear that defendant and his newly retained attorney were aware of the alleged conflict of interest which adversely affected defendant's former attorney's performance at the motion to suppress hearing. Since the record amply demonstrates that both defendant and his newly retained attorney knew of such an alleged conflict of interest before trial but failed to assert an ineffective assistance of counsel claim when the alleged conflict was known, defendant's ineffective assistance of counsel claim " 'will be held in contemplation of the law to have been waived. This ground of [defendant's] motion (for new trial) should have been brought at once to the attention of the [trial] court. [Defense counsel] cannot remain silent and take the chances of an acquittal for his client, and upon failure, make it a good ground for a new trial.' *Lyman v. State*, 69 Ga. 404, 407 (4); accord *Kirk v. State*, 73 Ga. 620 (3); *Salter v. Glenn, Duffield & Co.*, 42 Ga. 64, 82 (2) (judgment affirmed even though it was expressly observed that the misconduct in the case, although explained, was still uncertain as to its effect upon the finding); compare *Roberson v. State*, 15 Ga. App. 545, 551 (3) (83 SE 877) (observing that, absent a showing the prevailing party or some party directly interested was a party to the irregularity, waiver will apply not only where misconduct or irregularity was known to movant, but also where it did not affirmatively appear from the record that the misconduct or irregularity was unknown); see also *Thacker v. State*, 226 Ga. 170, 181 (173 SE2d 186), citing *Lyman*, supra." *Hand v. State*, 205 Ga. App. 467 (1), 468 (422 SE2d 316).

Defendant and defendant's newly retained attorney, knowing before trial of the alleged conflict of interest which forms the basis of defendant's ineffective assistance claim and, by trial tactics, electing not to report the matter promptly to the trial court, waived the issue. Accordingly, the trial court did not err in denying defendant's motion for new trial based on defendant's ineffective assistance of counsel claim.

2. Defendant contends the trial court improperly limited his cross-examination of Detective Roddy, the undercover law enforcement officer who observed defendant carrying a briefcase that contained over 40 grams of methamphetamine.

In response to defense counsel's cross-examination, Detective Roddy pertinently explained that he first observed defendant and co-defendant Harris in the airport's baggage claim area from a distance of "thirty or forty feet" and that he watched defendant hand the brief-case in question to co-defendant Harris just before defendant "reached down to carousel number eight and removed the Body Glove brand soft sided bag that had been checked that came in on Flight 1066." The following then transpired: "[DEFENSE COUNSEL]: If you were forty feet, that's probably where the door is. [RODDY]: You're asking me to guess. I'm not real sure. How far is it to the door? [DEFENSE COUNSEL]: Well, do you have any idea how far it is? [RODDY]: I'm asking you. I'm not real sure exactly how far it is. [DEFENSE COUNSEL]: I ask the questions. Was it as far as that? [RODDY]: It could have been a little further. [DEFENSE COUNSEL]: It was further than that? [RODDY]: It could have been. I'm not sure. [DEFENSE COUNSEL]: I'm trying to figure out who you saw with this man. [RODDY]: I've testified to that. THE COURT: Counsel, you've asked enough. Go on to something else. We've done beat this horse to death. Ask more relevant questions. [DEFENSE COUNSEL]: Your Honor, I believe he's testified as to where he was. THE COURT: Pass on. That question has been asked and answered. You're doing nothing but harassing the witness. Now go on to something that's relevant. [DEFENSE COUNSEL]: Was the airport full of people? [RODDY]: There were a number of people there. I don't know how many. [DEFENSE COUNSEL]: Okay. Between [defendant] Rice and [co-defendant] Harris was your view obstructed by persons that were coming there to claim their bags when you first saw him? THE COURT: What's the relevance now? [DEFENSE COUNSEL]: Your Honor, we believe that this man and this woman [defendant's mother] that was right there with them and in addition to that, who had this briefcase is important. What he can see across his field of vision as to who had the briefcase as they walk along. All that is important. THE COURT: Go on to something that's relevant. [DEFENSE COUNSEL]: Pardon me? THE COURT: He's testified to what he saw. Go on to something else now. [DEFENSE COUNSEL]: Well, I'm asking about his field of vision. THE COURT: Go on to something else, Counsel. We've beat that horse enough."

We find that the trial court did not abuse its discretion in curbing defense counsel's cross-examination of Detective Roddy. See *Hudson v. State*, 137 Ga. App. 439 (1) (224 SE2d 48). Moreover, we find that even if the court erred in regulating defense counsel's cross-examination, "the error was harmless in view of the fact the testimony sought to be elicited by [defense counsel] from this witness would have been cumulative of other testimony." *Gaither v. State*, 259 Ga. 200, 201 (2) (378 SE2d 464). In this regard, defendant admitted

while testifying in his own behalf at trial that he was in possession of the briefcase in question, explaining that he carried the briefcase through airport security devices before reaching the baggage claim area. Further, Detective Roddy testified that he had never observed defendant's mother before trial, much less at the airport when he saw defendant in possession of a briefcase which contained over 40 grams of methamphetamine.

3. Defendant's third enumeration of error provides as follows: "The trial court erred in its admission of a brief case into evidence over [his] objections when said brief case was unmarked as an exhibit and Defense counsel was not allowed to inspect it prior to its admission into evidence." This contention is not supported by the record.

The briefcase defendant refers to in this enumeration of error is the briefcase containing the contraband that defendant was carrying at the Atlanta airport. The trial transcript reveals that this briefcase was marked as State's Exhibit 2 and that the trial court gave defense counsel an opportunity to examine the briefcase and its contents before it was admitted into evidence at trial.

Defendant's assertion that the State deliberately withheld exculpatory information from him by not allowing him to examine the contents of the briefcase in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), goes beyond the scope of this enumeration of error as presented to us for review. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. *Nobles v. State*, 191 Ga. App. 594, 599 (6) (382 SE2d 637)." *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522).

4. Contrary to defendant's final enumeration of error, the evidence adduced at trial was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of trafficking in methamphetamine by actually possessing 28 grams or more of the contraband in violation of OCGA § 16-13-31 (e). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Query v. State*, 217 Ga. App. 61, 63 (1) (456 SE2d 704).

*Judgment affirmed. Johnson and Ruffin, JJ., concur in the judgment only.*

DECIDED FEBRUARY 7, 1997 —
RECONSIDERATION DENIED FEBRUARY 20, 1997 — ▮▮▮▮▮▮

*Alexander J. Repasky*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.