### A97A2129. DANIEL v. THE STATE.
(492 SE2d 542)

JOHNSON, Judge.

Richard Daniel was convicted of involuntary manslaughter. He appeals the denial of his motion for new trial. In his sole enumeration of error, Daniel asserts that trial counsel was ineffective.[1]

The evidence presented at trial showed that Daniel and the victim, Randal Eugene Pack, were inmates in the same cell block at the Gordon County Jail. The men had known each other before they were incarcerated, and according to Daniel's testimony at trial, Pack had taken "advantage of me a whole lot since I had known him." For example, Pack owed Daniel $250 for marijuana, and since he had been in jail, Pack had continually asked to share Daniel's contraband tobacco products, but never reciprocated when Pack had some. Finally, on February 24, 1996, "it just flew all over" Daniel when Pack and several other prisoners went to Daniel's cell to visit and smoke. Daniel told Pack he was not going to be taken advantage of any longer and invited Pack to go downstairs in the cell block to fight "like men." According to the testimony of several inmates who witnessed the fight, Pack distracted Daniel by looking toward a window and then took a first "sucker" punch, splitting Daniel's lip and told Daniel that he was going to hurt him. After a short, violent skirmish, Daniel got his hands around Pack's neck, thinking that he could

---

[1] In his brief, Daniel argues three issues not contained in the enumerations of error. Accordingly, they will not be addressed. There must be a direct and logical relationship between the enumerations of error and arguments contained in briefs. Court of Appeals Rules 22 and 27. Arguments in briefs may not exceed the scope of the enumerated error, enumerations of error cannot be amended or supplemented, and an appeal will be dismissed for failure to file separate enumerations of error. *Lewis v. State*, 226 Ga. App. 344 (487 SE2d 533) (1997); *Rice v. State*, 224 Ga. App. 725, 729 (3) (481 SE2d 839) (1997); *McGraw v. State*, 199 Ga. App. 389, 390 (405 SE2d 53) (1991).

choke him enough to make him black out. When Pack lost consciousness, Daniel slapped him in the face and walked upstairs to rinse his mouth. Despite resuscitation efforts, Pack died.

Daniel asserts he was denied effective assistance of counsel at trial. In denying Daniel's motion for new trial, the trial court found that Daniel's trial counsel was not ineffective.

"To establish ineffective assistance of counsel, [Daniel] must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations and punctuation omitted.) *Sartin v. State*, 223 Ga. App. 759 (479 SE2d 354) (1996). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Rogers v. State*, 210 Ga. App. 164 (2) (435 SE2d 457) (1993). The trial court's finding in this case is not clearly erroneous, and we affirm.

Although Daniel enumerates ten separate sub-parts in support of his assertion that trial counsel was ineffective, discussion of these grounds is presented in the brief in a single section captioned "The Nature of Mr. Thompson's Representation of Appellant" followed by a second generalized section captioned "Legal Analysis." This rambling discussion, which fails to link the asserted error with pertinent authority, makes review of the asserted error unnecessarily difficult and is in direct contravention of Court of Appeals Rule 27 (c) (1). See *Arnold v. State*, 210 Ga. App. 843, 844 (437 SE2d 844) (1993). To facilitate our review, we have grouped these allegations into several categories.

*Pretrial preparation*: At the hearing on the motion for new trial, trial counsel testified that he developed a three-part defense strategy after reviewing the statement Daniel gave to law enforcement officers about the incident. First, he intended to establish that the facts of this case were consistent with misdemeanor rather than felony involuntary manslaughter. Second, the attorney stated he intended to introduce testimony establishing that Daniel acted in self-defense. Finally, the attorney stated that he intended to introduce mitigating evidence, such as Daniel's attempt to assist in administering CPR to Pack. There is no merit to Daniel's allegation that trial counsel failed to present a defense. Decisions regarding which defense or defenses to pursue at trial are a matter of strategy with which this Court will not generally interfere. See *Sutton v. State*, 210 Ga. App. 247, 248 (2) (435 SE2d 748) (1993).

The trial attorney testified that in preparation for trial he reviewed the district attorney's file in its entirety, including transcripts of interviews with eyewitnesses. He also interviewed another eyewitness to the incident whom he knew to be trustworthy and two police officers who had knowledge of the incident. He testified that he met with Daniel initially to give him a copy of his statement and explained that they would need to discuss it in detail. He returned to the jail to review the statement in detail prior to trial. Therefore, Daniel's assertions that trial counsel failed to adequately meet with him before trial and failed to conduct any pretrial investigation are unsupported by the record.

Daniel also asserts that trial counsel failed either to interview or call an eyewitness whose accounts of the incident would have been favorable to Daniel. At the motion for new trial hearing, Eric Eli Edwards testified about the incident. Edwards' description of the fight was substantially the same as that which had been introduced at trial through other witnesses. The court asked Daniel's counsel to identify any new evidence this witness offered which would have been beneficial to Daniel. Counsel stated that evidence that Pack was apparently getting the better of Daniel in the fight had not been brought out "sufficiently" by the other witnesses. Decisions regarding which witnesses will be called are a matter of trial strategy and tactics, and even a tactical error does not constitute ineffective assistance of counsel. See *Elrod v. State*, 222 Ga. App. 704, 707 (3) (475 SE2d 710) (1996).

*Medical examiner*: Daniel asserts that trial counsel's failure to interview the medical examiner, introduce him as a witness, and counsel's stipulation as to the cause of death constituted ineffective assistance of counsel. A certified copy of the death certificate showing that Pack died of "strangulation" was introduced at trial. The examiner testified at the motion for new trial hearing that death from strangulation can occur in two ways, but he concluded that these technicalities would not have altered his bottom line testimony regarding the cause of Pack's death as stated on the certificate. Counsel testified that he decided not to call the medical examiner as a witness because he did not want the jury to dwell on the actual death of Pack. This was a tactical decision made by counsel, which does not equate with ineffective assistance. See *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992).

*Errors at trial*: Daniel asserts that counsel was ineffective because he failed to request a continuance. This issue is unsupported by argument or citation of authority and is therefore deemed abandoned. See Court of Appeals Rule 27 (c) (2).

Daniel asserts that trial counsel failed to object at two critical points during the prosecution's closing argument. The state argued

to the jury that Pack had broken his hand on the first punch and implied that, as a result of that injury, he could not have injured Daniel further. Daniel argues that no evidence that Pack had a broken hand was introduced at trial. However, when a photograph of Pack's hand taken after his death was shown to one of the state's witnesses, he identified abrasions and swelling which he characterized as looking almost like a break on the knuckle. During closing argument, "[c]ounsel are permitted to make reasonable deductions from the evidence, and upon these deductions an attorney may make almost any form of argument he desires." (Citation and punctuation omitted.) *White v. State*, 208 Ga. App. 885, 890 (6) (432 SE2d 562) (1993). Daniel also asserts that trial counsel should have objected to the prosecutor's remark that "the jury needed to render a guilty verdict to support the sheriff and his staff." This is a material misstatement of the closing argument. Instead, counsel argued as follows: "And ladies and gentlemen, when you retire to the jury room, don't just say, 'Well, it's just a bunch of jailhouse mess that doesn't mean anything.' Your verdict means something. Your verdict means something to Sheriff Sid Roberts and his staff, so let it be carefully considered." Daniel does not show how the argument made was harmful or improper. Moreover, trial counsel's decision not to object to these portions of the state's closing argument falls within the ambit of trial strategy. See *Powell v. State*, 210 Ga. App. 409, 413 (6) (b) (437 SE2d 598) (1993).

Finally, Daniel asserts trial counsel was ineffective because he did not request a jury charge on the defense of accident. Such a charge was not supported by the evidence in this case. See *Grubbs v. State*, 167 Ga. App. 365, 367 (2) (306 SE2d 334) (1983). *Goodwin v. State*, 262 Ga. 903 (427 SE2d 271) (1993), relied upon by Daniel, is distinguishable. In *Goodwin*, evidence was presented that the parties were roughhousing and not engaged in mutual combat; there was no physical evidence of forcible injury, and the cause of death was not strangulation. Here, Daniel admitted that he intended to choke Pack, hoping to render him unconscious. Because the evidence in his case does not authorize a charge on accident, trial counsel was not ineffective for failing to request one.

Daniel has failed to establish either that trial counsel's performance was deficient or that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's conclusion that Daniel's trial counsel was effective was not clearly erroneous and will not be disturbed.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 19, 1997 —
RECONSIDERATION DENIED OCTOBER 1, 1997 —

*Sandra L. Michaels*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.