295 Ga. 209
FINAL COPY

S14A0596. WASHINGTON v. THE STATE.

MELTON, Justice.

Following a jury trial, Judy Lynn Washington appeals the verdict finding her guilty of malice murder, felony murder, aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.[1] Washington contends that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

In the light most favorable to the verdict, the record shows that, on the evening of July 29, 2011, Washington and Steve Mikel, who was wheelchair-bound, got into a heated argument. According to an eyewitness, at one point,

---

[1] On August 23, 2011, Washington was indicted for malice murder, felony murder, aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Following a jury trial on January 9-12, 2012, Washington was found guilty of all counts, and she was sentenced to life imprisonment for malice murder with five consecutive years for possession of a firearm during the commission of a crime and five concurrent years for possession of a firearm by a convicted felon. On February 23, 2012, Washington filed a motion for new trial, and she amended it on February 15, 2013. After the motion was denied on March 11, 2013, Washington filed a timely notice of appeal. Her appeal was docketed to the April 2014 term of this Court and submitted for decision on the briefs.

Mikel held Washington in a headlock and hit her repeatedly. During this altercation, Washington threatened Mikel, telling him that she would have shot him if she had a gun. In the same place on the following evening, according to eyewitness Gwen Harris, who knew both Washington and Mikel, Mikel rolled towards Washington and attempted to pick up her purse. Mikel was not armed, and he was attempting to apologize to Washington about the prior fight. Washington instructed Mikel to put down her purse. When he did not, Washington pulled out a handgun and shot Mikel. After Mikel fell out of his wheelchair, Washington shot him four more times. Washington then walked away and discarded the gun in the hedges of a nearby yard. The gun was found in proximity to a sock converted into a hand glove, which testimony showed was often used by Washington to conceal a hand deformity. Police apprehended Washington a short time later.

This evidence was ample to enable the jury to find Washington guilty of all the crimes for which she had been charged. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). The jury was authorized to reject the claim of self-defense and conclude that Washington shot Mikel repeatedly without provocation. Hall v. State, 264 Ga. 85 (1) (441 SE2d 245) (1994).

Judgment affirmed. All the Justices concur.

Decided May 19, 2014.

Murder. Richmond Superior Court. Before Judge Roper.

Sara E. Meyers, for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christian A. Fuller, Assistant Attorney General, for appellee.